Gibbs *v.* Morgan.

THEODORE B. GIBBS

*v.*

ELI B. MORGAN et al.

The constitution of New Jersey prohibits the passing of local or special laws, "creating, increasing or decreasing the percentage or allowance of public officers during the term for which they were elected or appointed," and provides that the legislature shall pass general laws for such cases. An act of 1882 provided that in all counties where the county clerks were *then* paid an annual salary, the deputy should receive $2,000 per annum, payable quarterly by the collectors of those counties respectively. It appeared that there was but one county in the state where the clerk *then* received an annual salary. The deputy clerk of that county resigned his office ten days before the approval of the act of 1882, and was re-appointed two days after its approval, and his counsel insisted that, consequently, the act of 1882 was not passed "during his term."—*Held,* that, while deputy clerks of counties are "public officers," they have no "term," within this constitutional clause, since their appointments are mere private arrangements with their respective county clerks; and that the act is unconstitutional and void, both as increasing an incumbent's salary, and

also as regulating the internal affairs of a county by a special or local law; and, further, that the tax-payers of the county are entitled to relief by injunction, since the chosen freeholders of that county persist in paying the deputy clerk the salary under the act, out of the county treasury, and that, too, in monthly payments.

Bill for injunction. On final hearing on pleadings and proofs.

*Mr. A. Hugg*, for complainant.

*Mr. C. G. Garrison*, for defendants.

THE CHANCELLOR.

This suit is brought by persons who are citizens and tax-payers of Camden county, against the collector and deputy clerk of that county, to restrain the former from paying to the latter, and the latter from receiving out of the county treasury, salary as deputy clerk, under the act approved March 27th, 1882, entitled " A supplement to an act concerning clerks of counties of this state" (*P. L. of 1882 p. 195*), which provides that in all counties where the county clerks were, at the passage of the act, paid by annual salary, the deputy clerk shall receive the sum of $2,000 per annum, to be paid to him in quarterly payments by the collectors of those counties respectively. The allegation is that the act is in violation of the constitutional prohibition against passing local or special laws " creating, increasing or decreasing the percentage or allowance of public officers during the term for which they were elected or appointed." *Const. art. IV. § 6 ¶ 11.* By the act of 1874, entitled " An act to regulate the salary of the clerk of the county of Camden" (*P. L. of 1874 p. 280*), it was provided that the clerk of Camden county shall receive from the county, in lieu of fees, for his services as clerk of the criminal and civil courts of the county, a salary of $4,000 per annum, his fees to go to the county. The act was to take effect at the expiration of the term of office of the then clerk. By act of 1876, entitled " An act concerning clerks of counties in this state " (*P. L. of 1876 p. 289*), it was enacted that the clerk of each of the counties of this state might appoint an assistant in his office, to be known

and denominated as his " deputy clerk," and gave to such deputy power, during the absence or inability of the clerk, to exercise all his powers and perform all his duties. But it was thereby provided, also, that " no additional compensation shall be paid to the deputy by the county."

The before-mentioned act of 1882, which is entitled a supplement to the last-mentioned act, if valid, in effect partially repeals the provision of the act of 1876, that deputy clerks shall receive " no additional compensation from the county," and gives to the deputy clerks of counties where the clerk is paid by annual salary, a salary of $2,000 per annum from the county. It is an act giving a salary out of the county treasury to a certain deputy clerk or certain deputy clerks, as the case may be, and the only question to be considered is whether it is a special or local law. Deputy clerks are public officers, but they have no term in the sense in which the expression is used in the paragraph above quoted. They are employees of the county clerks, and their employment is a matter of mere private contract. The law merely constitutes them public officers, and gives them certain powers. It does not establish any particular period of service for them. That is left to private agreement. Since they have no term, in the sense in which the word is used in the constitution, it follows that the constitutional prohibition, when applied to legislation to create or increase their compensation, is unqualified. It must be by general law, and cannot be by local or special enactment. The constitution, it may be remarked, not only prohibits the passage of local or special laws for the purposes specified in the section of which part is above quoted, but directs that the legislature shall pass general laws providing for such cases. *Const. art. IV.* § *6* ¶ *11.* The fact that a person is a deputy of a clerk who is paid by annual salary, obviously in itself constitutes no reason for giving him an allowance out of the county treasury, to the exclusion of those who are deputies of clerks paid by fees. The labor and responsibilities of the deputy of a clerk paid by fees and not by salary may be ten times as great as those of the deputy of a clerk paid by salary, and yet, under the act, the latter would get $2,000 a year from the county, while the former would

get nothing from that source. The fact that the clerk is paid by a salary is no indication as to the labor and responsibility of his deputy. It constitutes no true basis of classification.

"The true principle," says the chief justice, in *Richards* v. *Hammer, 13 Vr. 435,* "requires something more than a mere designation by such characteristics as will serve to classify; for the characteristics which thus serve as a basis of classification, must be of such a nature as to mark the objects so designated as peculiarly requiring exclusive legislation. There must be a substantial distinction, having a reference to the subject matter of the proposed legislation, between the objects or places embraced in such legislation, and the objects or places excluded. The marks of distinction on which the classification is founded, must be such, in the nature of things, as will, in some reasonable degree, at least, account for, or justify, the restriction of the legislation." It is said that the county of Camden is the only one in the state in which the county clerk is paid by salary, and that the act, in fact, applies, and was and must have been intended to apply to that county alone.

It appears that in this case the deputy clerk resigned his office ten days before the approval of the act of 1882, and was reappointed two days after its approval, and it is urged that the act is not within the constitutional prohibition, because it neither created nor increased his compensation during the term for which he was appointed. This claim has already been disposed of. He had no term within the meaning of the word in the prohibitory provision. The act is unconstitutional.

It may be added that under the views of the court in *Freeholders* v. *Stevenson, 17 Vr. 173,* the act is within another constitutional prohibition, that which forbids the passage of special or local acts regulating the internal affairs of towns and counties. The tax-payers ought to be protected against such legislation. They can have no relief in the courts of law. The county authorities, unless restrained by this court, will continue to pay the salary which it is alleged has so far been paid, and that, too, in monthly installments, although, by law, it is payable quarterly.

The vice-chancellor, on whose advice the order for the pre-

liminary injunction was made, in his "conclusions," suggested that the question of constitutionality be brought to a test in a court of law, and the injunction was modified so as to permit the bringing of such suit, and to allow payment on the judgment. Suit was brought accordingly, but it was permitted to go to judgment wholly undefended.

There will be a decree for a perpetual injunction, without costs.